Christopher P. Burke, Esq.
State Bar No.: 004093
attycburke@charter.net
702 Plumas Street
Reno, Nevada 89509
(775)333-9277
Attorney for
Christopher and Valerie Marino

Electronically filed: 9/15/20

# UNITED STATES BANKRUPTCY COURT
# FOR THE STATE OF NEVADA

In re:

CHRISTOPHER MICHAEL MARINO
VALERIE MARGARET MARINO

Debtors.

BK-13-50461-BTB

Chapter 7

**MOTION TO DETERMINE PUNITIVE DAMAGES**

Hearing Date: 10/14/2020
Hearing Time: 2:00 p.m.

COMES NOW, Debtors, Christopher Michael Marino and Valerie Margaret Marino("Debtors" or "Marinos"), by and through counsel, Christopher P. Burke, Esq., and files this Motion to Determine Punitive Damages.

# I
# Facts

The Marinos filed a Chapter 7 on March 15, 2013. The Marinos received a discharge on June 18, 2013 [Dkt. 20]. On July 5, 2016, months after an evidentiary hearing, the Court awarded the Marinos actual damages of $119,000, but denied punitive damages [Dkt. 60].

Ocwen appealed the actual damage award and the Marinos cross-appealed the denial of punitive damages. On December 22, 2017 the Ninth Circuit BAP affirmed the Court's actual damage award, but reversed the denial of punitive damages. *In re Marino* 577 B.R. 772, 788-89 (9th Cir. BAP 2017) (Ex. 'A'). Ocwen appealed that decision to the Ninth Circuit. On February 10, 2020, the

Ninth Circuit dismissed Ocwen's appeals as not being final because the punitive damage award, if any, had not yet been determined by the bankruptcy court. (Ninth Cir. Case No.18-60005 - Dkt. 50-1). The case has thus reverted back to this Court to determine the amount of punitive damages, if any.

However, Debtors bankruptcy case was erroneously closed on May 18, 2020 before the Court could determine the amount of punitive damages (Dkt. 154). The Court then reopened this case on September 8, 2020 (Dkt. 155). Debtors now seek the Court's determination as to punitive damages.

## II
## ARGUMENT

**1.    Punitive Damages Should be Awarded.**

At its oral ruling on June 20, 2016, this Court held Ocwen in contempt and stated:

> Court: "I - - as I understand the law of the Ninth Circuit, I do not have authority to impose punitive damages. If I did, I probably would, but I don't" (Ex. "B" Dkt. 59 p.8, ln. 22-23).

However, the Ninth Circuit BAP reversed that holding. *Marino* 577 B.R. at 789. This Court is now in a position to award a non-compensatory punitive sanction against Ocwen if it chooses to. *In re Dyer*, 322 F.3d 1178, 1189 (9th Cir. 2003). In the alternative, "the bankruptcy court might choose to issue proposed findings and a recommended judgment on punitive damages to the district court or refer the matter to the district court for criminal contempt proceedings." *Marino* at 789. If this Court believes that the actions of Ocwen and its policy of putting the burden on debtors before it will stop sending correspondence, requires greater punitive damages, it should send the case to the district court. *Id.*

An award of punitive damages requires "some showing of reckless or callous disregard for the law or rights of others." *In re Bloom*, 875 F.2d 224, 228

(9th Cir. 1989). "Once a party is put on notice of a bankruptcy filing he is under a duty to seek further information which should reveal the applicability and scope of the automatic stay." *In re Lile*, 103 B.R. 830, 837 (Bankr.S.D. Tex. 1989), *aff'd* 161 B.R. 788 (S.D. Tex. 1993) *aff'd* in part subnom. *Matter of Lile*, 42 F.3d 668 (5th Cir. 1994). Where a creditor is provided actual notice of the bankruptcy, any violation of the stay [or discharge] is *ipso facto* deliberate. *In re Smith*, 296 B.R. 46, 55 (Bankr.MD. Ala. 2002). But, even "[t]he absence of willfulness does not relieve [a party violating a court order or decree] from civil contempt." *Id*. Because civil contempt is remedial in nature, "it matters not with what intent the [contemnor does] the prohibited act." *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

Punitive damages may also be warranted, not only when a creditor engages in "egregious conduct" *In re Repine* 536 F.3d at 521, but also if the conduct is "reckless" or "arrogant," as in this situation. *In re Lile*, 161 B.R. 788, 792 (S.D. Tex. 1993). *In re Emberton*, 263 B.R. 817, 826 (Bankr. W.D. Kent. 2001) (punitive damages three times actual damages). Punitive damages are most appropriate "where there has been an 'arrogant defiance' of the Bankruptcy Code." *In re Curtis*, 322 B.R. 470, 486 (Bankr. D. Mass. 2005). Here, had Owen made even a minimal effort to look into the situation and taken the time to acknowledge the Marinos' bankruptcy and discharge, which it admittedly knew of, before beginning its quest to collect money from the Marinos, the element of reckless disregard may not be present. *In re Aster*, 11 B.R.483, 485 (Bankr.D.RI. 1981). Instead, Ocwen simply plowed forward, attempting to collect from the Marinos, for a couple of years.

Before imposing a non-compensatory fine as a remedy for a violation of a Court's order, the Bankruptcy Court needs to address a number of issues.

-3-

*Zambrano v. City of Tustin*, 885 F.2d 1473, 1483 (9th Cir. 1989). These factors include: (1) whether the fine is consistent with applicable statutes and rules; (2) whether the fine is necessary to support the proper functioning of the court; (3) whether the fine is proportionate to the offense; and (4) whether the fine is consistent with the interest of justice. *Id.* Here, Ocwen is one of the country's largest servicers (Ex. 'C').

Whether or not a punitive sanction should be considered serious depend in part on the financial condition of the sanctioned party." *Segal* at *12, citing *F.J. Hanshaw Enters., Inc. V. Emerald River Dev., Inc.*, 244 F.3d 1128, 1140 n. 10 (9th Cir. 2001). "In other words, the seriousness of the sanction award depends in part on whether the sanctioned party is a multinational corporation [like Ocwen], an impoverished debtor or something in between." *Id.* Here, Ocwen has been a servicer for over 30 years and its website states it has "1.5 million customers."

In 1989, the U.S. Supreme Court established a $5,000 non-compensatory threshold. *Blanton v. City of North Las Vegas Nev.*, 489 U.S. 538, 544 (1989) (implying that $5,000, at least in 1989 dollars, is the cutoff for a serious fine warranting a jury trial); *F.J. Hanshaw Enter. v. Emerald River Develop.*, 244, F.3d 1128, 1140 (9th Cir. 2001). The Marinos argue based upon the declaration of Allen Dutra, CPA with inflation that number is now at least $15,000 and as much as $32,000. (Ex. 'D').

Thus, the Marinos request this Court award at least $15,000 to $32,000 in non-compensatory punitive damages. If the Court believes it should be in a higher amount, they ask that the punitive damage award be referred to the District Court to enter an award based upon this Court's findings of fact and conclusions of law. Otherwise, to send the entire issue to the District Court to determine an appropriate sanction.

## II

## CONCLUSION

The Marinos should be awarded punitive damages.

DATED this 15th day of September 2020.

/s/ Christopher P. Burke, Esq.
CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No. 004093
702 Plumas Street
Reno, Nevada 89509
(775)333-9277
Attorney for
Christopher and Valerie Marino