CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
*attycburke@charter.net*
702 Plumas St.
Reno, Nevada 89509
(775) 333-9277
Attorney for Debtors:
Christopher Michael Marino
Valerie Margaret Marino

*ECF FILED ON 10/07/20*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In Re:

CHRISTOPHER MICHAEL MARINO
and VALERIE MARGARET MARINO

      Debtors.

BK-N-13-50461-BTB
Chapter 7

Hearing Date: 10/14/20
Hearing Time: 2:00 p.m.

## REPLY TO RESPONSE TO MOTION
## TO DETERMINE PUNITIVE DAMAGES

COMES NOW, Debtors, CHRISTOPHER MICHAEL MARINO and VALERIE MARGARET MARINO, ("Debtors"or "Mr. and Mrs. Marino"), and Replies to the Response to Motion to Determine Punitive Damages, filed by PHH Mortgage Services, ("PHH") formerly known as Ocwen Loan Servicing LLC ("Ocwen").

### I
### ARGUMENT

First, Ocwen seeks an evidentiary hearing before this Court determines whether to award punitive damages. Ocwen claims that denying an evidentiary hearing before imposing punitive damages would be a "denial of Due Process." However, the cases PHH relies upon do *not* require a second hearing to determine punitive damages. Besides, this Court has already had an evidentiary hearing.

In fact, in its initial decision, the Court was ready to rule on the issue of punitive damages, but believed it did not have the authority to do so. The Court stated, "it

1

probably would [have awarded punitive damages], but I don't [have authority]." (Marino 13-50461-BTB Dkt. 59, p.8). Thus, no additional hearing is required or warranted for this Court to determine if punitive damages are to be awarded as it has already considered this issue. The cases PHH cites do *not* require another hearing. For instance, in *Nickelson*, that court's *pre-trial* order said it would determine if there was liability first. If so, then have another hearing to determine if punitive damages were warranted. *In re Nickelson* 552 B.R. 149, 153 (Bankr. S.D. Miss. 2016)).

Second, Ocwen asserts that because it filed a Rule 60 Motion for Relief from Judgment based on the U.S. Supreme Court's *Taggart v. Lorenzen* 139 S.Ct 1795 (2019) decision, this Court should wait for their motion to be heard (currently scheduled for December 9, 2020), before deciding whether punitive damages are warranted. This motion wasn't filed until yesterday, October 6, 2020. However, its motion is not a basis to delay the punitive damages determination. Besides, its motion goes so far as to seek having everything relitigated.

Third, it has been 8 months since the Ninth Circuit dismissed its appeal, and PHH has yet to even file its motion for relief from judgment. Besides, the Ninth Circuit did not dismiss PHH's appeal so this Court could re-evaluate the *Taggart* case. It was because PHH prematurely appealed the BAP's decision, before the Court could determine punitive damages that its appeal was dismissed.

PHH argues that the decision to award punitive damages is not a ministerial act. The Marinos agree. It is not a ministerial act. However, that does not mean more fact-finding and an evidentiary hearing is needed. As for its social stigma, PHH has a history of being sanctioned. For instance, *In re Gravel* 601 B.R. 873, 912-13 (Bankr.D Vermont 2019), on remand PHH's sanctions were deduced to **$175,000** for one debtor, **$100,000** for another, and **$25,000** to a third for violations of Fed.R.Bankr.P. 3002.1. Thus, they were still sanctioned **$300,000** for three debtors. (See Ex. '1' - Declr. C. Burke and Ex. 'A').

2

In addition, in 2015, the Consumer Financial Protection Bureaus (CFPB) fined PHH **$109 million** dollars. (See Ex. 'B'). Also, in 2016, PHH was fined **$28 million** dollars by New York Department of Financial Services ("NY-DFs") for "shoddy" mortgage servicing. (See attached - Ex. 'C'). Further, in 2017, PHH agreed to pay over **$74 million** dollars to settle an alleged False Claims Act violation. (Ex. 'D'). Then in 2018, PHH settled with 49 states for **$45 million** dollars for alleged misconduct tied to its servicing. (Ex. 'E'). Considering the above, what social stigma is PHH worried about?

Fourth, PHH gives no actual reason *not* to award punitive damages. Instead, it just requests a separate hearing. And the fact it filed another motion to relitigate an earlier trial is not relevant.

Finally, it has been more than four years since this Court initially ruled on the evidentiary hearing on June 20, 2016 (Dkt. #59). The Marinos request that this matter not be delayed any further.

Thus, there is no basis to have another evidentiary hearing.

## II

## CONCLUSION

This Court can and should rule on the Marinos' punitive damage request at this time. It is requested that this Court order punitive damages in an amount to send a message and submit its finding of fact and conclusions of law to the U.S. District Court.

DATED this 7TH day of October 2020.

/s/ CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
702 Plumas St.
Reno, Nevada 89509
(775) 333-9277
Attorney for Christopher and Valerie Marino