*EXHIBIT 'B'*

# State of Connecticut
# Department of Banking

Consumer Assistance (/DOB/Consumer/Consumer-Complaints/Consumer-Assistance) >

Industry Information (/DOB/Consumer/Consumer-Help/Industry-Information) >

Enforcement (/DOB/Enforcement/Administrative-Orders-Index-Pages/Index---Administrative-Orders-and-Settlements) >

Verify a License (/DOB/About-DOB/Index-Pages/Verify-a-License) >

Legal Resources (/DOB/Legal-Resources/Legal-Resources/Legal-Resources) >

Public Hearings (/DOB/Enforcement/Public-Hearings/DOB-Public-Hearings) >

Search Department of Banking

🔍

```
* * * * * * * * * * * * * * * * * * * * * * *        *
IN THE MATTER OF:                                    *
                                                     *
PHH MORTGAGE CORPORATION                             *
d/b/a CENTURY 21 MORTGAGE                            *
d/b/a COLDWELL BANKER MORTGAGE                       *
d/b/a DOMAIN DISTINCTIVE                             *
PROPERTY FINANCE                                     *
d/b/a ERA MORTGAGE                                   *     CONSENT ORDER
d/b/a INSTAMORTGAGE.COM                              *
d/b/a PHH MORTGAGE SERVICES                          *
NMLS # 2726                                          *
                                                     *
   ("PHH Mortgage")                                  *
                                                     *
* * * * * * * * * * * * * * * * * * * * * * *        *
```

**WHEREAS,** the Banking Commissioner ("Commissioner") is charged with the administration of Part I of Chapter 668, Sections 36a-485 to 36a-534c, inclusive, of the Connecticut General Statutes, "Mortgage Lenders, Correspondent Lenders, Brokers and Loan Originators";

**WHEREAS,** PHH Mortgage is a New Jersey corporation that is currently licensed as a mortgage lender under Part I of Chapter 668, Sections 36a-485 et seq., of the Connecticut General Statutes;

**WHEREAS,** on April 9, 2009, PHH Mortgage entered into a Settlement Agreement with the Commissioner to resolve allegations that PHH Mortgage employed or retained, during the period of February 28, 2006 through October 1, 2007, six (6) individuals without registering them, in violation of Sections 36a-486(b) and 36a-511(b) of the then applicable Connecticut General Statutes;

**WHEREAS,** in connection with such Settlement Agreement, PHH Mortgage represented that it had reviewed and updated its internal policies, procedures and controls for assessing whether an individual engaged in mortgage-related activity with PHH Mortgage required licensure from the Commissioner under Part I of Chapter 668, including but not limited to, licensure as an originator under Section 36a-486(b) of the Connecticut General Statutes;

**WHEREAS,** on May 23, 2012, the Commissioner, through the Consumer Credit Division of the Department of Banking, conducted an examination pursuant to Sections 36a-17(a) and 36a-498f of the Connecticut General Statutes into the activities of PHH Mortgage to determine if it had violated, was violating or was about to violate the provisions of the Connecticut General Statutes within the jurisdiction of the Commissioner;

**WHEREAS,** as a result of such examination, the Commissioner alleges that PHH Mortgage employed or retained, during the period of July 21, 2008 through June 16, 2010, twenty-four (24) individuals as mortgage loan originators who were not licensed with PHH Mortgage, in violation of Section 36a-486(b) of the then applicable Connecticut General Statutes;

**WHEREAS,** the Commissioner believes that such allegation would support initiation of enforcement proceedings against PHH Mortgage, including proceedings to revoke PHH Mortgage's license pursuant to Section 36a-494(a) and subsections (a) and (b) of Section 36a-51 of the Connecticut General Statutes, issue a cease and desist order against PHH Mortgage pursuant to Sections 36a-494(b) and 36a-52(a) of the Connecticut General Statutes, and impose a civil penalty of up to one hundred thousand dollars ($100,000) per violation on PHH Mortgage pursuant to Sections 36a-494(b) and 36a-50(a) of the Connecticut General Statutes;

**WHEREAS,** initiation of such enforcement proceedings would constitute a "contested case" within the meaning of Section 4-166(2) of the Connecticut General Statutes;

**WHEREAS,** Section 43-50(b) of the Connecticut General Statutes and Section 36a-1-55(a) of the Regulations of Connecticut State Agencies provide that a contested case may be resolved by consent order, unless precluded by law;

**WHEREAS,** both the Commissioner and PHH Mortgage acknowledge the possible consequences of formal administrative proceedings, and PHH Mortgage voluntarily agrees to consent to the entry of the sanction described below without admitting or denying any allegation contained herein and solely for the purpose of obviating the need for further formal administrative proceedings concerning the allegation contained herein;

**WHEREAS,** PHH Mortgage acknowledges that this Consent Order is a public record and is a reportable event for purposes of the regulatory disclosure questions on the Nationwide Mortgage Licensing System and Registry ("NMLS"), as applicable;

**WHEREAS,** PHH Mortgage herein represents to the Commissioner that the individuals alleged to be unlicensed mortgage loan originators in violation of Section 36a-486(b) of the then applicable Connecticut General Statutes, during the period of July 21, 2008 through June 16, 2010, are either currently licensed as mortgage loan originators under Part I of Chapter 668, Sections 36a-485 et seq., of the Connecticut General Statutes or are no longer engaged in any mortgage-related activity with PHH Mortgage that would prohibit PHH Mortgage from engaging the services of such individuals without licensure as mortgage loan originators under Part I of Chapter 668, Sections 36a-485 et seq., of the Connecticut General Statutes;

**WHEREAS,** PHH Mortgage herein represents to the Commissioner that it has reviewed and updated its internal policies, procedures and controls for assessing whether an individual engaged in mortgage-related activity with PHH Mortgage requires licensure from the Commissioner under Part I of Chapter 668, Sections 36a-485 et seq., of the Connecticut General Statutes, and agrees that it will not engage the services of an individual as a mortgage loan originator in the future without first confirming that such individual is duly licensed;

**AND WHEREAS,** PHH Mortgage, through its execution of this Consent Order, voluntarily agrees to waive its procedural rights, including a right to notice and an opportunity for hearing as it pertains to the allegation set forth herein, and voluntarily waives its right to seek judicial review or otherwise challenge or contest the validity of this Consent Order.

## CONSENT TO ENTRY OF SANCTION

**WHEREAS,** PHH Mortgage, through its execution of this Consent Order, consents to the Commissioner's entry of a Consent Order imposing the following sanction:

No later than the date this Consent Order is executed by PHH Mortgage, PHH Mortgage shall remit to the Department of Banking by cashier's check, certified check or money order made payable to "Treasurer, State of Connecticut", the sum of Twenty-Nine Thousand Dollars ($29,000) as a civil penalty.

## CONSENT ORDER

**NOW THEREFORE,** the Commissioner enters the following:

1. The Sanction set forth above be and is hereby entered;

2. Upon issuance of this Consent Order by the Commissioner, this matter will be resolved and the Commissioner will not take any future enforcement action against PHH Mortgage based upon the allegation contained herein; provided that issuance of this Consent Order is without prejudice to the right of the Commissioner to take enforcement action against PHH Mortgage based upon a violation of this Consent Order or the matters underlying its entry, if the Commissioner determines that compliance with the terms herein is not being observed or if any representation made by PHH Mortgage and reflected herein is subsequently discovered to be untrue;

3. So long as this Consent Order is promptly disclosed by PHH Mortgage on NMLS, nothing in the issuance of this Consent Order shall adversely affect the ability of PHH Mortgage to apply for or obtain licenses or renewal licenses under Part I of Chapter 668, Sections 36a-485 et seq., of the Connecticut General Statutes, and for its mortgage loan originators to apply for or obtain licensure from the Commissioner, provided all applicable legal requirements for such license are satisfied; and

4. This Consent Order shall become final when issued.

Issued at Hartford, Connecticut
this <u>20th</u> day of March 2013.         _____/s/_____
                                            Howard F. Pitkin
                                            Banking Commissioner


I, <u>Madeline Flanagan</u>, state on behalf of PHH Mortgage Corporation d/b/a Century 21 Mortgage d/b/a Coldwell Banker Mortgage d/b/a Domain Distinctive Property Finance d/b/a ERA Mortgage d/b/a Instamortgage.com d/b/a PHH Mortgage Services, that I have read the foregoing Consent Order; that I know and fully understand its contents; that I am authorized to execute this Consent Order on behalf of PHH Mortgage Corporation d/b/a Century 21 Mortgage d/b/a Coldwell Banker Mortgage d/b/a Domain Distinctive Property Finance d/b/a ERA Mortgage d/b/a Instamortgage.com d/b/a PHH Mortgage Services; that PHH Mortgage Corporation d/b/a Century 21 Mortgage d/b/a Coldwell Banker Mortgage d/b/a Domain Distinctive Property Finance d/b/a ERA Mortgage d/b/a Instamortgage.com d/b/a PHH Mortgage Services agrees freely and without threat or coercion of any kind to comply with the sanction entered and terms and conditions ordered herein; and that PHH Mortgage Corporation

d/b/a Century 21 Mortgage d/b/a Coldwell Banker Mortgage d/b/a Domain Distinctive Property Finance d/b/a ERA Mortgage d/b/a Instamortgage.com d/b/a PHH Mortgage Services voluntarily agrees to enter into this Consent Order, expressly waiving the procedural rights set forth herein as to the matters described herein.

By: _____/s/_____
Name: Madeline Flanagan
Title: Senior Vice President
PHH Mortgage Corporation
d/b/a Century 21 Mortgage
d/b/a Coldwell Banker Mortgage
d/b/a Domain Distinctive Property Finance
d/b/a ERA Mortgage
d/b/a Instamortgage.com d/b/a PHH Mortgage Services

State of: New Jersey

County of: Burlington

On this the 13th day of March 2013, before me, Geraldine A. Gager, the undersigned officer, personally appeared Madeline Flanagan who acknowledged herself to be the Senior Vice President of PHH Mortgage Corporation d/b/a Century 21 Mortgage d/b/a Coldwell Banker Mortgage d/b/a Domain Distinctive Property Finance d/b/a ERA Mortgage d/b/a Instamortgage.com d/b/a PHH Mortgage Services, a corporation, and that she as such Senior Vice President, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by herself as Senior Vice President.

In witness whereof I hereunto set my hand.

_____/s/_____
Notary Public
Date Commission Expires: Sept. 23, 2017

**Administrative Orders and Settlements (../cwp/view.asp?a=2246&q=302060)**