WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
rhernandez@wrightlegal.net
*Attorneys for PHH Mortgage Corporation formerly known as Ocwen Loan Servicing, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No.: 13-50461-BTB |
| CHRISTOPHER MICHAEL MARINO, and VALERIE MARGARET MARINO, | Chapter 7 |
| Debtors | **REPLY TO OPPOSITION TO MOTION TO CONTINUE EVIDENTIARY HEARING UNTIL AFTER RULING ON MOTION FOR RELIEF FROM JUDGMENT** |
| | Hearing Date:  January 19, 2021<br>Hearing Time:  2:00 p.m. |

PHH Mortgage Corporation, formerly known as Ocwen Loan Servicing, LLC ("PHH"), hereby replies to Debtor's Opposition to Motion to Continue Evidentiary Hearing until after Ruling on Motion for Relief from Judgment.

**I. LEGAL ARGUMENT**

Debtors' Opposition raises three main arguments against granting the continuance, none of which warrant denying PHH's Motion:

1. **Safety:**

First the Opposition claims that safety of the parties is a non-issue because the hearing can be held remotely by Zoom. Although the Court has the ability to hold hearings remotely, the question is whether a remote hearing is appropriate here in light of the circumstances. Under the

1

1  Supreme Court's decision in *Taggart v. Lorenzen,* 587 U.S. __, 139 S. Ct. 1795, 1802 (2019), even if this Court finds that there was a contempt under the objective, "no fair ground of doubt" standard, this Court is still supposed to consider PHH's *subjective* intent in evaluating the appropriate penalty to impose for the contempt (keeping in mind the Supreme Court's prior determinations that: "only the least possible power adequate to the end proposed should be used in contempt cases.")[1] The best way to evaluate that subjective factor is through the in-person testimony of the PHH witness.

These factors all make a live, in-person hearing preferable and more fair and just. With the COVID vaccine rollout in effect, it is very likely a safe in-person hearing can be conducted in the Spring of this year. The delay requested is minimal—no more than 90 days, which is a fraction of the time this case has been in litigation. And, the Opposition fails to identify any actual prejudice to Debtors from the continuance. In this regard, it bears repeating that Debtors still have a writ of certiorari pending with the United States Supreme Court on the issue of the denial of attorney's fees by the BAP, and the response to that petition is not even due until January 26, 2021. It seems disingenuous for Debtors to try to rush resolution of the underlying contempt proceedings when they have prolonged proceedings at the higher court level.

**2. Judicial Economy:**

Debtors next dispute that judicial efficiency and economy is served by the continuance, primarily based on the length of time this case has already been open. However, the issue of judicial efficiency and economy looks forward, not back. The question presented is just whether, in light of the two separate proceedings before this Court (the Motion to Vacate the existing contempt order and the Motion for Punitive Damages based on the existing contempt order) it makes more sense to resolve the Motion to Vacate before the Court and the parties expend resources on deciding what punitive damages, if any, to impose here.

Obviously, if the Motion to Vacate is granted, it moots or at least defers the hearing on the punitive damages motion pending the results of a further evidentiary hearing applying the

---

[1] *Young v. United States ex rel. Vuitton et Fils S. A.*, 481 U.S. 787, 801, 107 S.Ct. 2124 (1987).

1  proper standard of review as directed by the Supreme Court in *Taggart, supra,* to determine if
2  there really was a contempt and, if so, as to what communications.  Only after the existence and
3  parameters of the contempt are established can this Court decide whether punitive damages are
4  appropriate and, if so, in what amount.  The continuance request is thus not being made simply
5  as a matter of timing but more as a matter of enabling the Court and the parties to complete the
6  evidentiary hearing in a more efficient and economical matter.  Until the Rule 60 Motion is
7  decided, the parties do not know whether they need to prepare and provide witnesses and
8  exhibits to reexamine the original finding of contempt, nor even what preparations are needed for
9  the evidentiary hearing as to the punitive damages phase. PHH needs to know what evidence will
10 be allowed, especially if the Debtors are disputing PHH's ability to present that evidence; while
11 Debtors would need to marshal their own evidence to attempt to retain the windfall recovery they
12 obtained from the original order.

13     Debtors' attempt to characterize the evidentiary hearing as nothing more than a "rubber
14 stamp" of the prior contempt ruling, but this characterization is clearly false and underscores
15 why this litigation has been so prolonged.  From the beginning, Debtors have sought a quick and
16 easy victory rather than a full adjudication on the merits of the case based on all available facts.
17 As the Ninth Circuit stated in its decision on remand from the Supreme Court in *Taggart*:  "We
18 are now tasked with revisiting this case and applying this new standard."[2]  Similarly, this Court
19 is not supposed to just rubber-stamp its original order but instead must perform its own analysis
20 under the new *Taggart* standard in order to reach a proper ruling on the Debtors' underlying
21 Motion for Sanctions.

---

[2] 980 F.3d 1340, 1347 (9th Cir. 2020).  Applying the new standard, the Ninth Circuit held that: "The question for us, however, is not whether Taggart actually "returned to the fray" in the Oregon state court litigation. Nor is it whether the Creditors had an objectively reasonable basis for concluding that Taggart had "returned to the fray." Rather, the question is whether the Creditors had some—indeed, *any*—objectively reasonable basis for concluding that Taggart *might have* "returned to the fray" and that their motion for post-petition attorney's fees *might have* been lawful." [emphases in original]

In this regard, contrary to Debtors' implication in their Opposition, the Ninth Circuit did not affirm this Court's or the BAP's ruling. It merely stated it lacked jurisdiction until the remanded punitive damages issue was resolved, dismissing the appeal as premature pending a final judgment. In doing so, the Ninth Circuit specifically stated that: "In short, the BAP remanded to the bankruptcy court *for more factual findings* on punitive damages. The bankruptcy court's decision whether punitive damages are appropriate is not a 'ministerial task[.]"[3] In other words, not just a "rubber stamp."

### 3. This Court Has Not Yet Applied The *Taggart* Standard to PHH's Conduct:

Finally, Debtors' misleadingly argue that *Taggart lowered* the prior Ninth Circuit's standard so there is no need for a new hearing. While it is certainly true that *Taggart* rejected the Ninth Circuit's subjective standard for determining whether a contempt had occurred (retaining it only as a factor to determine the amount of damages), Debtors' argument presumes that this Court applied the subjective standard in making its original ruling. It did not. Instead, this Court appears to have essentially applied a strict liability standard—one that *Taggart* expressly rejected.[4] The Supreme Court did not just decide a legal issue: it decided *the* legal issue for how to treat discharge violations. As such, there is more at stake here than just proceeding straight to an evidentiary hearing. The Court will first have to apply the correct standard (the objective one of "no fair grounds") to determine whether and to what extent a discharge violation occurred here; then apply a subjective test to assess the appropriate damages; and finally, determine the extent to which punitive damages might be appropriate (again, keeping in mind the requirement under *Young, supra,* that "only the least possible power adequate to the end proposed should be used in contempt cases").

/././

/././

/././

/././

---

[3] *In re Marino*, 949 F.3d 483, 488 (9th Cir. 2020)(internal citations *omitted*)[emphasis added].
[4] 139 S.Ct. at 1803-04.

## II. CONCLUSION

For the reasons set forth above, PHH respectfully requests that this Court take nothing from Debtor's Opposition and grant PHH's request for a 90-day continuance of the evidentiary hearing.

Respectfully submitted

Dated: January 12, 2021

WRIGHT, FINLAY & ZAK, LLP

/s/ *Ramir M. Hernandez, Esq.*
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
rhernandez@wrightlegal.net
*Attorneys for PHH Mortgage Corporation formerly known as Ocwen Loan Servicing, LLC*

# CERTIFICATE OF SERVICE

1. On January 12, 2020, I served the following document(s):

   **REPLY TO OPPOSITION TO MOTION TO CONTINUE EVIDENTIARY HEARING UNTIL AFTER RULING ON MOTION FOR RELIEF FROM JUDGMENT**

2. I served the above-named document(s) by the following means to the persons as listed below:

   (Check all that apply)

   ■ a.  ECF System (You must attach the "Notice of Electronic Filing", or list all persons and address and attach additional paper if necessary)

   SETH J. ADAMS on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GMACM MORTGAGE LOAN TRUST
   sadams@woodburnandwedge.com, jgoff@woodburnandwedge.com

   CHRISTOPHER PATRICK BURKE on behalf of Debtor CHRISTOPHER MICHAEL MARINO
   atty@cburke.lvcoxmail.com

   CHRISTOPHER PATRICK BURKE on behalf of Debtor CHRISTOPHER MICHAEL MARINO
   attycburke@charter.net

   CHRISTOPHER PATRICK BURKE on behalf of Joint Debtor VALERIE MARGARET MARINO
   atty@cburke.lvcoxmail.com

   CHRISTOPHER PATRICK BURKE on behalf of Joint Debtor VALERIE MARGARET MARINO
   attycburke@charter.net

   W. DONALD GIESEKE
   wdg@renotrustee.com, dgieseke@ecf.axosfs.com

   RAMIR M. HERNANDEZ on behalf of Creditor PHH MORTGAGE SERVICES, FORMERLY KNOWN AS OCWEN LOAN SERVICING, LLC
   rhernandez@wrightlegal.net, jcraig@wrightlegal.net;nvbkfiling@wrightlegal.net

   DANA JONATHON NITZ on behalf of Creditor OCWEN LOAN SERVICING LLC
   dnitz@wrightlegal.net, nvbkfiling@wrightlegal.net;jcraig@wrightlegal.net

| | | |
|---|---|---|
| | | U.S. TRUSTEE - RN - 7<br>USTPRegion17.RE.ECF@usdoj.gov |
| ■ b. | | United States mail, postage fully pre-paid (List persons and addresses.  Attach additional paper if necessary) |

CHRISTOPHER MICHAEL MARINO
POB 565
VERDI, NV 89439

VALERIE MARGARET MARINO
POB 565
VERDI, NV 89439

☐ c.    Personal Service (List persons and addresses.  Attach additional paper if necessary)

I personally delivered the document(s) to the persons at these addresses:

_____

☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d.    By direct email (as opposed to through the ECF System) (List persons and email addresses.  Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e.    By fax transmission (List persons and fax numbers.  Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.   A copy of the record of the fax transmission is attached.

7

☐ f.    **By messenger** (List persons and addresses. Attached additional paper if necessary)

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to the Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on Tuesday, January 12, 2021.

                                        */s/   Jason Craig*
                                        An employee of Wright, Finlay & Zak, LLP