CHRISTOPHER P. BURKE, ESQ.  *ECF FILED ON 2/05/2021*
Nevada Bar No.: 004093
*attycburke@charter.net*
702 Plumas St.
Reno, Nevada 89509
(775) 333-9277
Attorney for Debtors:
Christopher Michael Marino
Valerie Margaret Marino

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>CHRISTOPHER MICHAEL MARINO<br>and VALERIE MARGARET MARINO<br><br>Debtors. | BK-13-50461-BTB<br>Chapter 7<br><br>Hearing Date: 12/09/20<br>Hearing Time: 2:00 p.m.<br><br>New Hearing Date: 2/19/2021<br>New Hearing Time: 10:00 a.m. |

OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT OR ORDER (RULE 9024) AND FOR NEW EVIDENTIARY HEARING

COMES NOW, Debtors, CHRISTOPHER MICHAEL MARINO and VALERIE MARGARET MARINO, ("Debtors"or "Mr. and Mrs. Marino"), and files this Opposition to Motion for Relief from Judgment or Order (Rule 9024) and for New Evidentiary Hearing (Dkt. 162) filed by PHH Mortgage Services, ("PHH") formerly known as Ocwen Loan Servicing LLC ("Ocwen").

I

OVERVIEW

In a nutshell, PHH wants a do-over. Astonishingly, almost six (6) years after the Marinos filed their Motion for Contempt, and almost five (5) years after this Court decided against PHH, it wants to relitigate that Motion for Contempt. But nothing requires it, not even the Supreme Court's 2019 *Taggart* decision. At best, even if *Taggart* applied retroactively, and it shouldn't, it would only require the Court to look at the evidentiary hearing facts and its own earlier Opinion to determine if *Taggart* would

1

have changed that earlier decision. Not surprisingly, a simple look at the Court's prior opinion, the evidence that was admitted, and the *Taggart* decision all reveal that there isn't any reason for the Court to change its opinion.

## II

## ARGUMENT

1. Retroactive relief is not required.

To begin with, PHH urges this Court to apply *Taggart v. Lorenzen* 139 S.Ct.1795 (2019) retroactively. But, it need not. In pushing this position, PHH specifically relies on *Harper v. Virginia Dpt. of Taxation*, 509 U.S. 86 (1993). But, as explained below, *Harper* doesn't apply in this situation because only it stands for the proposition that, once a rule of federal law is applied to the parties in the case in which it was announced, it must be applied retroactively. *Id* at 96.

Instead, the seminal case on retroactivity was decided by the United States Supreme Court in *Chevron Oil* two decades before the *Harper* decision. It held, that in determining retroactive application of a new holding, the Court is to evaluate the following: 1) whether the decision announces a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression the resolution of which was not clearly foreshadowed; 2) weigh the merits and demerits of the particular case by looking to the prior history of the rule in question, its purpose, and effect, and consider whether retrospective operation will further or hinder its operation; and 3) weigh the inequity imposed by retroactive application, recognizing that injustice or hardship should be avoided. *Chevron Oil Co. V. Huson*, 404 U.S. 97, 106 (1971). As shown below, none of these prongs warrant retroactive review of the Court's decision from more than four years ago.

Besides, any position that *Chevron* has been overruled or otherwise abrogated by *Harper* was explicitly rejected in *McKinney v. Pate*, 20 F.3d 1550, 1566 (11th Cir. 1994), *cert. denied*, 513 U.S. 1110 (1995), which specifically held that *Harper* did not overrule

2

*Chevron*, pointing out, as already mentioned above, that *Harper* only stands "for the proposition that, once a rule of federal law is applied to the parties in the case in which it was announced, it must be applied retroactively." *Id* at 1566. That is all it held. Thus, PHH should not be allowed to extend *Harper* into new and unchartered territory without a clear mandate from the U.S. Supreme Court.

This is further supported by the language in *Harper* itself (as well as the certiorari denial of *McKinney*), which itself limits its holding to the parties before it and provides, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper*, 509 U.S. at 97. Thus, a new rule of federal law is only required to be applied retroactively to the parties of the case in which the new rule was announced. As such, *Chevron* remains controlling in determining whether *Taggart* should be applied retroactively. See also, *Glazner v. Glazner*, 347 F.3d 1212, 1216 (11th Cir. 2003) (citing *Chevron* and recognizing that the Supreme Court has allowed for prospective-only application of newly announced rules in civil cases).

So in considering the first of the *Chevron* factors, the overruling of clear past precedent, it is plain that *Taggart* reversed the Ninth Circuit's *subjective* standard that had been the law for only one year and was not known by these parties until two years *after* this litigation began and was decided. Thus, it could not have been relied upon by PHH in considering its case management. As such, the first *Chevron* factor weights against retroactive application of *Taggart* to the instant case.

The second *Chevron* factor also weighs against retroactive application in that weighing the merits and demerits of *this case* in light of the contempt rule now controlling will neither further nor hinder the new *Taggart* standard. This particular case is premised upon a narrow set of facts and the application or non-application of the

3

contempt standard will have no effect on the applicability of the easier standard in that there are no other cases directly related to this case that would be impacted or that remain pending. In fact, the parties in this case, and the Court, were playing by a known set of rules that were relied upon throughout the litigation of the merits of this case. Knowing the controlling law at the time, PHH chose to proceed and defend regardless of the law's status and was well aware that the law would not support its view even under the Ninth Circuit's old *subjective* standard.  Likewise, the Marinos pursued the case based upon the same case law and gauged their case accordingly.  Stated another way, a prospective only application of *Taggart* in light of this particular case, will neither further nor hinder the new Supreme Court holding in the grander scheme of its application.

As to the third *Chevron* consideration, without question, denial of retroactive application of the lower contempt standard would not result in inequity to PHH.  Again, PHH was well aware of the potential exposure it had.  On the flip side of the same coin, the Marinos relied upon the law in place at that time in choosing to pursue their litigation.  Thus, *none* of the *Chevron* prongs are in favor of PHH's request for retroactive relief.

Besides, it would be wholly unjust to the Marinos, and a windfall to PHH, if the Court were to allow PHH to benefit from a change in the law that occurred years after this matter was fully litigated and has been pending on appeal for years, because of PHH.  And, that is based upon a contempt standard that is now actually easier than it was under the prior Ninth Circuit *Taggart* standard.  Obviously, the Marinos had no control over the length of PHH's appeals and should not be damaged beyond what they have been because of a crowded Ninth Circuit docket and a long appeal wait. That would plainly be unjust.

Finally, PHH should not be permitted to exploit the change of law to support a request for a new hearing, especially because it specifically knew they were not entitled

to one when they pursued their appeals. Besides, this Court has already considered and rejected PHH's claims that it had acted appropriately.

2.     FRBP 60 does not give PHH a basis for setting aside the judgment.

Next, PHH seeks relief under FRBP 60(b). A motion for relief from a judgment under Bankruptcy Rule 9024, incorporates Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. Nutricology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," *11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedures: Civil 2D* § 2810.1 (1995). *See School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *12 James WM. Moore, et. al., Moore's Federal Practice - Civil* §59.30[5][a][I] (3d ed. 2005).

Rule 60 encompasses all possible post-judgment relief and incorporates common law principles of equity for granting new trials, *11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedures: Civil 2D* § 2810 (1995), and Rule 60 preserves the relief afforded by ancient remedies for relief from settled judgment while abolishing the separate and independent use of those remedies. *Id* at §2851.

As a consequence, Rule 9024, incorporating as it does Rule 60, recognizes the need "'to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts.'" *In re Kieffer-Miches, Inc.*, 226 B.R. 204, 209 (B.A.P.8th Cir. 1998), quoting *Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir. 1987), in turn quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.* 733 F.2d 509, 515 (8th Cir. 1984). Due to this broad scope of potential relief, under both rules "a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions . . ." *Bialac v. Harsh Inv. Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982). But here, that would not be justified.

5

A) FRBP 60(b)(5) doesn't apply

PHH seeks relief under either FRBP 60(b)(5) or FRBP 60(b)(6). But, a look at both, show *neither* provides a basis to rehear this litigation. First, Rule 60(b)(5) allows a court to set aside a judgment if it has been satisfied, released, discharged, or based on an earlier judgment that has been vacated, reversed or no longer equitable. Here, because none of those occurred, this Rule does not come into play.

Knowing this, PHH tries stretching this Rule to include a significant change in the law as a basis to set aside the Court's earlier decision. (Mot. p. 7, ln. 17-19). Although its true that *Taggart* is a significant case, the change in the law actually crafted a simpler standard for courts in the Ninth Circuit to hold creditors in contempt. Thus, there is no reason for the Court to set aside its earlier judgment under Rule 60(b)(5).

B) FRBP 60(b)(6) doesn't apply

PHH also tries using FRBP 60(b)(6) to set aside the Court's earlier ruling. This Rule allows a court to set aside a judgment for "any other reason that justifies relief." But relief under this rule is reserved for "extraordinary circumstances." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). See also *Supermarket of Homes, Inc. V. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1410 (9th Cir. 1986). Here, PHH's motion does not provide such an extraordinary circumstance.

3.   PHH's motion is not timely

Although PHH argues it acted timely within one month of this Court reopening the case, it ignores the fact that it *could* have re-opened this case on its own at anytime after the Ninth Circuit's dismissal of its appeal back in February 2020. Instead, PHH waited for this Court to reopen this case, plus waited another month, a total of 8 months from the Ninth Circuit's ruling, to request its Rule 60 relief. That's not reasonable. See FRBP 9024, Rule 60(c). Thus, this Court can deny the Motion as untimely.

6

4.      *Taggart* was not controlling

Ironically, the Ninth Circuit's *Taggart* decision was entered on April 23, 2018, two years *after* this Court decided the Motion for Contempt in this case. See *In re Taggart* 888 F.3d 438 (9th Cir. 2018). Although the earlier BAP decision in *In re Taggart* 548 B.R. 275 (B.A.P. 9TH Cir. 2016)     came out in 2016 just months before this Court ruled on the Contempt Motion in this case, it was not binding on this Court. *Bank of Maui v. Estate Analysis, Inc.,* 904 F.2d 470, 472 (9th Cir. 1990). And critically, that decision would not have changed this Court's ruling. To start with, the Supreme Court *lowered* the Ninth Circuit's subjective standard the BAP used in *Taggart* to an objective one. Thus, the Supreme Court made it easier for this Court to confirm its earlier decision.

### III

### CONCLUSION

PHH's Motion for relief from judgment should be denied. There are no grounds for it. This Court does not have to consider *Taggart* retroactively. Besides, even if it did, the Court's decision would not have changed. Finally, PHH's request for a new evidentiary hearing should also be denied as it has no basis in fact or law.

DATED this 5th day of February 2021.

/s/ CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
702 Plumas St.
Reno, Nevada  89509
(775) 333-9277
Attorney for Christopher and Valerie Marino