WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dbrenner@wrightlegal.net
rhernandez@wrightlegal.net
*Attorneys for PHH Mortgage Corporation formerly known as Ocwen Loan Servicing, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: 13-50461-BTB |
| CHRISTOPHER MICHAEL MARINO, and VALERIE MARGARET MARINO, | Chapter 7 |
| Debtors | **STIPULATION TO BIFURCATE HEARING** |
| | Hearing Date: February 19, 2021<br>Hearing Time: 10:00 AM |

This Stipulation to Bifurcate Hearing is entered into by and between Debtors, Christopher Michael Marino and Valerie Margaret Marino ("Debtors"), and Creditor, PHH Mortgage Corporation formerly known as Ocwen Loan Servicing, LLC ("PHH"), by and through their respective counsel of record, and concerns the matters set for hearing on February 19, 2021, at 10:00 AM: Debtors' Motion to Determine Punitive Damages [ECF No. 157] and PHH's Amended Motion for Relief from Judgment or Order (Rule 9024) and for New Evidentiary Hearing [ECF No. 167].

This matter arises out of the debtors' request for sanctions for violation of a discharge injunction. Following a prior evidentiary hearing, this Court awarded compensatory damages to Debtors but declined to award punitive damages as it did not believe it had the authority to do

so. Both sides appealed. The BAP reversed and remanded on the punitive damages issue for further findings but affirmed the damages award. The Ninth Circuit dismissed PHH's appeal as not yet ripe in light of the BAP's remand for fact-finding on the issue of punitive damages.

On September 8, 2020, the bankruptcy court reopened the bankruptcy case on remand from appeal to address the issue of whether punitive damages should also be awarded and, if so, in what amount. On September 15, 2020, Debtors filed a Motion to Determine Punitive Damages. Debtors contend the issue of punitive damages can be assessed based on the prior evidentiary record. PHH disagrees.

On October 6, 2020, PHH filed a Motion for Relief from Judgment or Order (Rule 9024) and for New Evidentiary Hearing ("Motion for Relief"). PHH subsequently filed an Amended Motion for Relief from Judgment or Order (Rule 9024) and for New Evidentiary Hearing on October 22, 2020. PHH argues the recent U.S. Supreme Court's ruling in *Taggart v. Lorenzen* 139 S.Ct.1795 (2019) gives rise to the need for the bankruptcy court to re-evaluate its decision under the proper standard of review, which requires a new evidentiary hearing on compensatory damages. Debtors disagree with PHH's position.

Currently, the Court is scheduled to hear the pending motions on February 19, 2020. The hearing is also scheduled as the evidentiary hearing on the punitive damages. Presumably the court would want to take evidence following the law and motion hearing in the event the Court grants the motion.

Within the past few weeks, PHH's trial counsel sustained a back injury, which led to an emergency surgery. PHH's counsel is recovering, but remains limited in his ability to sit, stand, and work for long periods at a time. PHH's counsel has been advised by his doctor to avoid pro longed periods of sitting, standing, or other similar activities for at least the next several weeks and probably though all of March. PHH's counsel has been warned that activities such as a long evidentiary hearing could exacerbate symptoms and be detrimental to a full recovery.

However, given its shorter duration, PHH's counsel believes he is capable of participating in the law and motion hearing to resolve: (1) the Rule 60 motion; and (2) the issue of whether the Court should hear evidence on punitive damages or simply resolve the punitive

1  damages question based on the record from the prior evidentiary hearing. Under the
2  circumstances, the parties stipulate and agree as follows:
3      (1)    The February 19, 2021 hearing shall proceed on the Rule 60 motion and on the
4  issue of whether and to what extent ~~and~~ separate evidentiary hearing is required on the punitive
5  damages issue ~~with testimony or whether the court will just issue a ruling based on the prior~~
6  ~~record from the initial evidentiary hearing~~.
7      ~~(1)~~(2)    If the court denies PHH's Rule 60 motion and determines a hearing on punitive
8  damages is not necessary, the parties will be prepared to argue the issue of whether punitive
9  damages should be awarded and in what amount at the February 19, 2021 hearing.
10     ~~(2)~~(3)    If the court grants PHH's Rule 60 motion for a new evidentiary hearing, or ~~I~~if the
11 Court believes an~~other~~ evidentiary hearing is required before punitive damages can be assessed,
12 the Court will schedule a date for an evidentiary ~~that~~ hearing in April, 2021, or as soon
13 thereafter as is otherwise convenient for the Court.
14     In addition to counsel's medical condition, the parties agree that the Court's ruling on
15 the law and motion issues may narrow issues or resolve the need for an evidentiary hearing
16 altogether. Accordingly, the parties also agree there is collateral economic and efficiency
17 benefit to resolution of the law and motion issues before conducting the evidentiary hearing.
18     IT IS SO STIPULATED.
19 Dated this 12th day of February, 2021.    Dated this 12 day of February, 2021.

WRIGHT, FINLAY & ZAK, LLP

/s/ Darren T. Brenner

Darren T. Brenner, Esq.  
Nevada Bar No. 8386  
Ramir M. Hernandez, Esq.  
Nevada Bar No. 13146  
7785 W. Sahara Ave., Ste. 200  
Las Vegas, NV 89117  
*Attorneys for PHH Mortgage Corporation formerly known as Ocwen Loan Servicing, LLC*

Christopher P. Burke, Esq.  
Nevada Bar No. 04093  
702 Plumas Street  
Reno, NV 89509  
*Attorney for Debtors, Christopher Michael Marino and Valerie Margaret Marino*

3

## **CERTIFICATE OF SERVICE**

1. On February 12, 2021, I served the following document(s):

   **STIPULATION TO BIFURCATE HEARING**

2. I served the above-named document(s) by the following means to the persons as listed below:

   (Check all that apply)

   ■ a. ECF System (You must attach the "Notice of Electronic Filing", or list all persons and address and attach additional paper if necessary)

   SETH J. ADAMS on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GMACM MORTGAGE LOAN TRUST
   sadams@woodburnandwedge.com, jgoff@woodburnandwedge.com

   CHRISTOPHER PATRICK BURKE on behalf of Debtor CHRISTOPHER MICHAEL MARINO
   atty@cburke.lvcoxmail.com

   CHRISTOPHER PATRICK BURKE on behalf of Debtor CHRISTOPHER MICHAEL MARINO
   attycburke@charter.net

   CHRISTOPHER PATRICK BURKE on behalf of Joint Debtor VALERIE MARGARET MARINO
   atty@cburke.lvcoxmail.com

   CHRISTOPHER PATRICK BURKE on behalf of Joint Debtor VALERIE MARGARET MARINO
   attycburke@charter.net

   W. DONALD GIESEKE
   wdg@renotrustee.com, dgieseke@ecf.axosfs.com

   RAMIR M. HERNANDEZ on behalf of Creditor PHH MORTGAGE CORPORATION, FKA OCWEN LOAN SERVICING, LLC
   rhernandez@wrightlegal.net, jcraig@wrightlegal.net;nvbkfiling@wrightlegal.net

   U.S. TRUSTEE - RN - 7
   USTPRegion17.RE.ECF@usdoj.gov

☐ b.  United States mail, postage fully pre-paid (List persons and addresses. Attach additional paper if necessary)

☐ c.  Personal Service (List persons and addresses. Attach additional paper if necessary)

I personally delivered the document(s) to the persons at these addresses:

_____

☐  For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐  For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d.  By direct email (as opposed to through the ECF System) (List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e.  By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f.  By messenger (List persons and addresses. Attached additional paper if necessary)

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to the Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on February 12, 2021.

            */s/ Jason Craig*_____
            An employee of Wright, Finlay & Zak, LLP